

U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2009 JUL -6 PM 3: 51

LORETTA G. WHITE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CODY KEEN**                                          CIVIL ACTION NO.

**VERSUS**                                             # 09-4271

**CHET MORRISON CONTRACTORS, LLC,**          SECTION **SECT. S MAG. 2**
**STATE NATIONAL INSURANCE COMPANY,**
**INDEMNITY INSURANCE CO. OF N.A.,**
**XL SPECIALTY INSURANCE COMPANY,**
**ZURICH AMERICAN INSURANCE COMPANY,**
**MARKEL INSURANCE COMPANY and**
**NAVIGATORS INSURANCE COMPANY**                  **RULE 9(h)**

---

## COMPLAINT FOR DAMAGES

---

   **NOW INTO COURT**, through undersigned counsel, comes Plaintiff, **CODY KEEN,** a person of the full age of majority and resident of the State of Texas, who respectfully represents:

Fee _Seaman_
✓ Process _____
x Dktd _____
___ CtRmDep _____
___ Doc. No. _____

1.

Plaintiff's claim is an admiralty and maritime claim brought in this Court pursuant to general maritime law, The Jones Act, 46 U.S.C. §30104, et seq., 33 U.S.C. §905 and the applicable laws of the State of Louisiana.  Plaintiff's claim is brought before this Honorable Court pursuant to Fed. R. Civ. Proc. Rule 9(h).

2.

Made Defendants herein are:

a.   **CHET MORRISON CONTRACTORS, LLC. (hereinafter "MORRISON")**, a domestic corporation authorized to do and/or doing business in the State of Louisiana and this judicial district;

b.   **STATE NATIONAL INSURANCE COMPANY**, a foreign corporation authorized to do and/or doing business in the State of Louisiana and this judicial district;

c.   **INDEMNITY INSURANCE COMPANY OF NORTH AMERICA**, a foreign corporation authorized to do and/or doing business in the State of Louisiana and this judicial district;

d.   **XL SPECIALTY INSURANCE COMPANY**, a foreign corporation authorized to do and/or doing business in the State of Louisiana and this judicial district;

e.  **ZURICH AMERICAN INSURANCE COMPANY**, a foreign corporation authorized to do and/or doing business in the State of Louisiana and this judicial district;

f.  **MARKEL INSURANCE COMPANY**, a foreign corporation authorized to do and/or doing business in the State of Louisiana and this judicial district; and

g.  **NAVIGATORS INSURANCE COMPANY**, a foreign corporation authorized to do and/or doing business in the State of Louisiana and this judicial district.

3.

At all relevant times, Plaintiff, **CODY KEEN**, was employed by Morrison as a diver, and was assigned to the crew of the M/V JILLIAN MORRISON, a vessel engaged in commerce on the navigable waters of the United States, that was owned by, operated by and under the exclusive control of Morrison.

4.

On or about March 11, 2008, while Plaintiff was serving as a crewmember of the M/V JILLIAN MORRISON, Plaintiff suffered severe, painful and permanently disabling injuries to his body and mind, including but not limited to significant psychic trauma and emotional suffering, as a result of an explosion that occurred on the M/V JILLIAN MORRISON.

5.

The explosion on the M/V JILLIAN MORRISON, and Plaintiff's resulting injuries, were caused by the negligence of Morrison's shoreside management personnel and other employees and the unseaworthiness of the M/V JILLIAN MORRISON, in the following non-exclusive respects:

    a.    Negligently, knowingly, and/or intentionally placing **CODY KEEN** in a situation which it knew to be unreasonably dangerous;

    b.    Negligently, knowingly, and/or intentionally failing to warn **CODY KEEN** of a condition(s) which it knew or should have known to present a risk of harm;

    c.    Negligently, knowingly, and/or intentionally failing to properly examine and/or inspect the M/V JILLIAN MORRISON to ensure that it/they did not contain any unseaworthy and/or unreasonably dangerous conditions;

    d.    Negligently, knowingly, and/or intentionally failing to take all proper precautions to prevent the injuries suffered by **CODY KEEN;**

    e.    Negligently, knowingly, and/or intentionally failing to provide a competent master and/or crew for the M/V JILLIAN MORRISON;

    f.    Intentionally, willfully, wantonly and/or in a grossly negligent manner, placing and/or causing to be placed into a confined space, tank and/or structure within or on the hull and/or deck of the vessel in question vapors and/or liquids that were known, reasonably should have been known, and/or which were warned to be potentially explosive and/or highly flammable;

    g.    Negligently, knowingly, and/or intentionally failing to have a gas detector on board the vessel during the activities in question;

    h.    Negligently, knowingly, and/or intentionally failing to adequately and/or safely plan the operations in question including, but not limited to, ensuring the use of adequate equipment and/or safe procedures;

i.      Negligently, knowingly, and/or intentionally failing to properly plan and/or execute the plan relative to abandoning the gas pipeline at issue, including pigging of the pipeline and subsequent to bleeding off of pressure from the pipeline, including but not limited to the failure to bleed off the pressure from the fixed platform and/or to have sufficient number of tote tanks for storing the process water;

j.      Negligently, knowingly, and/or intentionally violating numerous regulations designed to prevent the very casualty that occurred herein and to protect the health, safety and wellbeing of those aboard the vessel at the time of the explosion, including the violation of one or more laws, regulations, recommended practices and/or policies applicable, in whole or in part, to the activities in question at the time of the explosion which constituted, among other things, negligence per se on the part of defendants; and

k.      Any and all other acts of negligence, fault and/or unseaworthiness that will be established through discovery and/or proven at the trial of this matter.

6.

By virtue of Morrison's callous and willful disregard of the grossly unseaworthy condition of its vessel and the other particular acts of gross negligence and/or intentional conduct as set forth above when the voyage at issue commenced and during said voyage, which condition and acts were either known or should have been known to Morrison's shoreside management personnel, Plaintiff is entitled to punitive damages in an amount to be determined by this Honorable Court.

7.

As a result of the severe injuries suffered by Plaintiff while in the service of the M/V JILLIAN MORRISON as described herein, Plaintiff has sought and received medical treatment and is entitled to such benefits until Plaintiff reaches maximum medical cure according to his treating physician.

8.

Plaintiff is further entitled to maintenance per day in an amount based on Plaintiff's reasonable shoreside expenses for food, lodging and clothing until he reaches maximum medical cure.

9.

To date, Morrison has paid inadequate maintenance of only $25 per day and has made no attempt whatsoever to investigate or determine the appropriate maintenance rate for this Plaintiff.

10.

By reason of the foregoing, Plaintiff seeks and is entitled to recover from the defendant continued cure benefits and is further entitled to recover compensatory damages for Morrison's willful and callous refusal to properly honor its maintenance and cure obligation, plus reasonable attorney's fees in an amount to be set by this court, maintenance of a proper amount from the date that Plaintiff was rendered unfit for duty until he reaches maximum medical improvement according to his treating

physicians and punitive damages in an amount to be determined by this Honorable Court.

11.

The aforesaid casualty and resulting severe, painful, permanent and disabling injuries to Plaintiff, **CODY KEEN,** have caused Plaintiff to sustain damages as follows:

    a.      General damages, including past and future physical and mental pain, suffering, permanent disability and disfigurement, and loss of enjoyment of life;

    b.      Past and future medical expenses;

    c.      Past lost wages and future loss of earning capacity; and,

    d.      Any and all other damages which may be proven at the trial of this matter, as alleged herein.

12.

At all material times, Defendants, State National Insurance Company, Indemnity Insurance Company of North America, XL Specialty Insurance Company, Zurich American Insurance Company, Markel Insurance Company and Navigators Insurance Company (hereinafter collectively referred to as "Underwriters") issued a policy or policies of insurance, primary and/or excess in nature, covering the things, occurrences, contrivances, claims and causes of action brought herein by Plaintiff, **CODY KEEN.**

13.

As such, Underwriters are liable directly unto Plaintiff for any and all amounts for which Morrison is cast in judgment in this cause pursuant to LSA-R.S. 22:1269B(1), the Louisiana Direct Action Statute.

**WHEREFORE**, Plaintiff, **CODY KEEN**, prays for judgment in his favor and against Defendants, Chet Morrison Contractors, LLC, State National Insurance Company, Indemnity Insurance Company of North America, XL Specialty Insurance Company, Zurich American Insurance Company, Markel Insurance Company and Navigators Insurance Company for all damages reasonable in the premises, for cure benefits until Plaintiff reaches maximum medical improvement according to his treating physician, for reasonable attorney's fees incurred by the Plaintiff in the prosecution of his maintenance and cure action, for punitive damages in an amount to be determined by this Honorable Court, for legal interest on those amounts Plaintiff is entitled to obtain legal interest, and for any additional general and equitable relief as the facts of this cause may require.

Respectfully submitted,

_____

**MICHAEL X. ST. MARTIN (#12365)**
**CHARLES C. BOURQUE, JR. (#20118)**
**CHRISTOPHER J. ST. MARTIN (#26122)**
**MELANIE G. LAGARDE (#28825)**
ST. MARTIN & BOURQUE
P.O. Box 2017
Houma, Louisiana   70361
Telephone: (985) 876-3891
Attorneys for Plaintiff

**PLEASE SERVE:**

**CHET MORRISON CONTRACTORS, LLC**
Through its registered agent:
Chester F. Morrison, Jr.
#9 Bayou Dularge Road
Houma, LA 70363

**STATE NATIONAL INSURANCE COMPANY**
Through its registered agent for service of process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**INDEMNITY INSURANCE COMPANY OF NORTH AMERICA**
Through its registered agent for service of process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**XL SPECIALTY INSURANCE COMPANY**
Through its registered agent for service of process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**ZURICH AMERICAN INSURANCE COMPANY**
Through its registered agent for service of process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

**NAVIGATORS INSURANCE COMPANY**
Through its registered agent for service of process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809